tiff in regard to said notes. She was much surprised to receive a notice from the plaintiff on or about the 24th day of March, 1924, requesting her to pay them.

"4. Plaintiff took said notes, when it acquired them, with notice of said contract (Exhibit A), and with notice of the rescission of the sale by Cobbs Land Company and defendant, and with notice of all the rights and equities existing between the original parties to said notes. Plaintiff acquired all of said notes after they had matured.

"5. Wherefore defendant says that the consideration of all of said notes has totally failed."

By amendment the defendant alleged, that the notes were without consideration, because the contract required her, if she missed payment of any note at maturity before payment of a third of all the notes, to surrender the lot and permit the Cobbs Land Company to keep as rental the money paid, and declared that she acquired no right in the lot, and, according to the contract, she had no right to receive anything for any of the notes maturing after the time she first failed to pay a note.

As to paragraph 2 above and paragraphs not set out, the court sustained the demurrer. As to the remainder of the plea as amended the court overruled the demurrer, which attacked each paragraph as not setting out a defense.

*George B. Rush,* for plaintiff.

*Mitchell & Mitchell,* for defendant.

---

16339.   SIMS *v.* THE STATE.

BROYLES, C. J. Under the facts of the case as disclosed by the record, the overruling of the certiorari was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 4, 1925.

*Louis H. Foster,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor, Ralph H. Pharr,* contra.